## INJUNCTION AGAINST PLACING RAILWAY TRACK IN STREET.

Court of Appeals for Stark County.

JOHN SOMMER v. THE PENNSYLVANIA COMPANY.

Decided, April 22, 1915.

*Abutting Owner—Rights of, in Street—Include the Right to be Compensated—Before Property is Injured by the Laying of a Railway Track.*

It is the duty of a court to protect the rights of an abutting owner in the street, and where it is proposed to place a railway track across the street with crossing gates, and the obstruction will be near enough to the property of an abutting owner to materially affect it or depreciate its value, injunction will lie until the property owner has been properly compensated.

*Pontius & McDowell,* for plaintiff.
*Cary & Armstrong,* contra.

HOUCK, J.; SHIELDS, J., concurs; POWELL, J., dissents.

This cause is here on appeal from the Common Pleas Court of Stark County, Ohio.

The plaintiff commenced suit against the defendant to enjoin it from constructing its railroad track along the corner of, and within a distance of about nine feet of the lot owned by plaintiff, on which is located a business property; also to enjoin it from constructing crossing-gates across the street, directly in front of the business property of said plaintiff.

The plaintiff in his petition, in part, says:

"That he is the owner of the following described real estate in the city of Canton, county of Stark and state of Ohio, being described as follows: Parts of lots known as Lots No. 796 and 495 in said city of Canton, Ohio, and beginning at the north-east corner of said Lot No. 796; thence westwardly along the north line of Lot No. 796 and No. 495 a distance of 85 feet; thence southwardly and parallel with the east line of Lot No. 796 a distance of 72 feet; thence eastwardly parallel with the north line of said Lot No. 796 a distance of 85 feet; thence northwardly along the eastwardly line of said Lot No. 796, 72 feet to the place of beginning.

"That said lot has a frontage of 72 feet on what is known as Market Avenue South in said city of Canton, Ohio, on the west side of said avenue. That said street has been duly dedicated to the use of the public as a street, the fee thereof beng vested in said city in trust for said public use; that said street along said premises is 60 feet wide, and has been open for travel and public use for more than fifty years; that his said premises and the building thereon are of great value, and which improvements thereon were made with reference to the present location of the tracks of the defendant.

"That said defendant is operating its railroad through said city and that four of its tracks cross said Market Avenue South, and that said tracks are laid side by side and have been in their present location for many years past. That said defendant company is now building a depot or station on the east side of Market Avenue South and northwardly from its present tracks about one hundred and twenty-five feet, and that it is about to and will unless restrained by this court, build one or more tracks for its use, as a main line across said Market Avenue South, and northwardly from where its said tracks are now located, and if permitted to do so that the north line of said tracks will intersect the east line of said Market Avenue South directly opposite on said Market Avenue South, and so that the said tracks will intersect the west line of Market Avenue South at a point about five feet southwardly from the southeastwardly corner of said premises of the plaintiff; and it proposes to build said tracks across said street at grade, and will place crossing-gates in said Market Avenue South, northwardly of said tracks, and plaintiff says that such construction of said tracks and crossing-gates will be an obstruction of the said street along and in front of his entire premises; and that the defendant has no right or authority at law to do same, and has no right to use said street by crossing it with tracks in any other manner or place than it now uses the same; that said proposed construction will constitute a change or alteration of the location of its railroad across said street at grade; that said contemplated change will render the plaintiff's property worthless and will deprive him of his property right in said street and the private rights and easements which he now has by reason of being the owner of the premises hereinbefore described; and that the contemplated use of said street will be a diversion of it to other purposes from which it was dedicated. Plaintiff says that he will be irreparably damaged, for which he has no adequate remedy at law, and prays for an injunction against the defendant and other equitable relief."

The defendant, by its answer, denies all of the material allega-tions in the petition of the plaintiff and further says that at the time the plaintiff purchased the real estate described in his peti-tion, and made the improvements thereon, that he had full knowledge of the nature and extent of all of the contemplated improvements that were about to be made by the defendants; that said improvements, gates and changes of tracks contem-plated by defendant will in no way interfere with or damage the plaintiff; and that he will not suffer irreparable damage, and that he has an adequate remedy at law, and prays that plaintiff's petition be dismissed.

The plaintiff filed a reply to the answer of the defendant, which is, in substance, a general denial of all of the material allegations in the answer of the defendant.

Upon the issue joined, the cause was tried in the common pleas court, and a decree was entered in favor of plaintiff, granting him all of the relief prayed for in his petition, and making the temporary restraining order and injunction heretofore allowed perpetual.

The cause was appealed to this court. The defendant filed a motion, in this court, to suspend or dissolve said injunction for the following reasons, to-wit:

"*First.* For the reason set forth in the answer herein filed in this case.

"*Second.* The ultimate relief, if plaintiff is entitled to any, is compensation and damages, and plaintiff's rights in the prem-ises can be fully secured and enforced without the delay and in-convenience incident to injunction."

The motion was submitted in this court, on the testimony as appears in the record below.

· The material facts are not in dispute, and the court is called upon to determine the question of law, which is conceded by counsel upon both sides to be but one, and that is, has the plaint-iff pursued the proper remedy?

The plaintiff contends that his remedy is injunction, and the defendant maintains that the plaintiff has an adequate remedy at law, and if he has been damaged he should resort to a court

of law and seek a recovery in damages, and not to a court of equity for injunction.

The question herein submitted is one of importance and vital interest to the parties to this suit.

Upon the one hand we have a private individual who is the owner of a business property, who maintains if the defendant is permitted to lay said tracks and erect said gates in and on said street as set forth in plaintiff's petition, it will result in great damage to him and his property.

Upon the other hand, we have a railway company with large money and property investments, seeking to extend its interests by the laying of tracks, which must be conceded will not only be of value to the defendant company, but of great value to the general public.

The defendant company, by its counsel, argues with much force and contends that under Section 8765 of the General Code of Ohio, that the plaintiff's remedy is one at law.

Counsel insist if a strong judicial interpretation is given this section in question, that the remedy that plaintiff should pursue is an action for damages and not for injunction.

The section referred to provides:

"Every company which lays a track upon or over any such street, alley, road or ground, or part thereof shall be responsible for injuries done thereby to private or public property lying upon or near to such ground, which may be recovered by civil action brought by the owner before the proper court, at any time within two years from the completion of the track."

We have examined this statute with some care with a view of ascertaining its true intent and meaning, as applied to the case at bar, and in our opinion we can not find anything that would or could be interpreted to mean or to convey the interpretation claimed by it for counsel for the defendant.

This statute limits the time in which a suit may be brought for damages by persons who are injured by the laying of tracks, but it does not in any way provide or determine the remedy that may be pursued if damages are not sought for injury resulting or that may result from the laying of railroad tracks upon or near the ground or property of the owner thereof.

We do not understand how it could be properly claimed that under this statute that a person owning property abutting on a street, and who claimed to be injured by the laying of railroad tracks and placing crossing-gates on said street and in front of the business property thereon, could not invoke the remedy offered by injunction.

It is contended by counsel for defendant, that an abutting property owner on a street has not such property right and interest in and to the street as would entitle him to relief by injunction, in a suit like the one at bar; but we do not think this claim is well founded.

At this time we do not deem it necessary to discuss at great length, the character, nature, right and extent of the owner, in and to lands abutting on a street, and his interest by reason of such ownership in and to the street upon which said lands abut.

It is certainly a right which attaches to the abutting owner's land, and he certainly has a property right therein, and it matters not whether the fee to the street be in the municipality in trust for public uses, or whether the fee be in the abutting property owner, he nevertheless has a property right, and if he has a property right in and to said street, then under the Constitution of our state, such property right can not be taken, by the defendant, unless the plaintiff is first compensated for same.

As we view it, it is the duty of a court of equity, in cases like the one at bar, to protect the property and rights of the owner in and to the street on which said property abuts, and to see to it that the private property owned by such person is not taken unless he is first compensated for same.

If the placing of a railroad track across the street in question, and the placing of crossing-gates on said street and in front of the property of plaintiff, is near enough to the property to materially affect it, or depreciate its value, then, in our opinion, the plaintiff has a right to be compensated before the street is so obstructed, and he may properly invoke the remedy offered by injunction.

It has been established by a long line of authorities not only in this but in other states, that if the owner's right in and to the street be property (referring to abutting property owners), that

the same can not be taken from such property owner, except in time of war or other public exigency, unless compensation therefor shall be first made in money or first secured by a deposit of money; and if it were not so, then a person's property would not be safe at any time, and it inevitably follows that the attempt to take the property of the plaintiff in question is an invasion of the constitutional rights of the plaintiff, that private property shall not be taken without compensation be first made therefor.

It is an invasion of the rights of plaintiff to place in a street in front of his lot and business property a railroad track and crossing-gates, which will impair the owner's access to his property, and otherwise interfere with him in his full enjoyment of his property for all purposes to which it is adapted, and of the street itself, and such is an invasion and an attempted taking; it is a diversion of the use of the street from the purposes originally designed for it, and if it can be taken at all against the will of the owner, it must be upon the terms prescribed by the Constitution.

We feel that the law in this case is well established and that the theory of this court of the law as indicated herein is fully determined and well established in a long line of cases, and especially by our Supreme Court in this state, and we need but cite the case of *Railway Company* v. *Lawrence*, 38 Ohio State, page 41, the syllabus being as follows:

"1. Where the construction of a railroad in a street of a city will work material injury to the abutting property owners, such construction may be enjoined, at the suit of the owners, until the right to construct such road in the street shall first be acquired, under proceedings instituted against such owners as required by law for the appropriation of private property.

"2. In such case it is immaterial whether the fee is vested in the city or in the abutting owners, so long as it is held upon the same defined uses."

Quoting from the above case as appears in the opinion of Judge White on page 45, the learned judge says:

"It seems to us it can make no material difference where the fee is vested, so long as it is held to the same defined uses.

"The established doctrine in this state is, that the abutting lot owners 'have a peculiar interest in the street, which neither the local nor the general public can pretend to claim; a private right of the nature of an incorporeal hereditament legally attached to their contiguous grounds and the erections thereon; an incidental title to certain facilities and franchises, assured to them by contracts and by law, and without which their property would be of little value. This easement, appendant to the lots, unlike any right of one lot owner in the lot of another, *is as much property as the lot itself.*"

We find the same doctrine in the case of *Kinnear Manufacturing Co. et al* v. *Beatty*, 65th Ohio State, page 282, Judge Minshall says:

"The decisions in this state have clearly established that an abutting lot owner has such an interest in the portion of the street on which he abuts, that the closing of it up, or the impairment of its use as a means of access, or the addition of a burden, which is new and increased, is a taking of private property for a public use, and can not be done without compensation."

The evidence offered in the case at bar, and which is undisputed, is clear and conclusive and of such a nature and character that we have no doubt that the proposed track and crossing-gates, if permitted to be placed on the street in question and in front of the lot and business property of the plaintiff, would materially damage his property, and impair his right to the use of said street.

In view of these facts and applying the well established principles of law to them as hereinbefore stated and set forth, a majority of this court is of the opinion that the plaintiff is entitled to the relief prayed for in his petition, and therefore the motion filed by the defendant herein to dissolve the permanent injunction allowed by the common pleas court in this case, is not well taken, and said motion to dissolve said injunction is hereby overruled.